UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO.   06-566M |
| v. | ) | |
| EDWARD LARRY ABERCROMBIE, a.k.a. LARRY JEROME PATTERSON, Defendant. | ) | DETENTION ORDER |

Offenses charged:

    Count 1:    Felon in Possession of a Firearm - Armed Career Criminal, in violation of Title 18, U.S.C., Sections 922(g)(1) and 924(e); and

    Count 2:    Possession of Cocaine Base with the Intent to Distribute, in violation of Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(B)(iii); and

    Count 3:    Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of Title 18, U.S.C., Section 924(c).

Date of Detention Hearing:   April 19, 2007.

    The Court, having conducted an uncontested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the

DETENTION ORDER
PAGE -1-

defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by Andrew Colasurdo.  The defendant was represented by Michael Filipovic for Jay Stansell.

The Government filed a Motion for Detention, to which the defendant stipulated, reserving the right to reopen.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the drug and firearm offense. The maximum penalty is in excess of ten years.  There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons:

(a) The defendant, who qualifies as an armed career criminal under Title 18 U.S.C. § 924(e),  has an extensive criminal history including convictions for criminal charges similar to that of the instant offense; and

(b) The defendant stipulates to detention.

Based upon the foregoing information, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

DETENTION ORDER
PAGE -2-

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 20th day of April, 2007.

/s/ M. J. Benton
Monica J. Benton
U.S. Magistrate Judge

DETENTION ORDER
PAGE -3-